---o---

## No. 6383.

## NEW ORLEANS BREWING COMPANY vs. ABRAHAM GOLDSTEIN.

### Syllabus.

One who purchases merchandise is presumed to act for himself, and is personally liable because credit is given to him. If he would relieve himself of responsibility on the ground that he was acting as the agent of another, he must allege and prove, with reasonable certainty, that at the time of the sale he communicated to the vendor the fact of his agency, and that he was not purchasing for himself but as the agent of another.

The rule is more rigidly applied when the alleged principal is a non-resident.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 103,584. Honorable F. D. King, Judge.

J. J. McCloskey, for plaintiff and appellee.

McCloskey & Benedict, attorneys.

E. M. Heath, for defendant and appellant.

H. A. Moise, attorney.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Under the No. 99,996 of the Civil District Court, plaintiff, on March 20th, 1912, brought suit against the defendant, a resident of this City, for the price of 100 casks of beer at $6.00 per cask which the plaintiff alleged it had sold to defendant on June 8th, 1911.

Defendant admitted that he had ordered the beer, but averred that he did so for "Oldstein Brothers" who conducted a business in Colon, Panama; that he disclosed the name of "Oldstein Brothers," specially laying stress upon the fact that the goods were for them, and that he is not interested in any manner in their business.

On December 4th, 1912, this suit was discontinued.

Under the No. 103,584 of the Civil District Court, the plaintiff, on February 20th, 1913, renewed the suit against the defendant on the same cause of action. In this suit the plaintiff made the additional allegation "that these goods were purchased by defendant for his own account to be shipped to Oldstein Brothers in Colon, Panama. That petitioners at no time considered Oldstein Brothers liable for this bill, a fact which was well known to defendant," etc.

Defendant reiterated his denial that he had purchased the beer for his own account and repeated that he had purchased it for Oldstein Brothers, and that he had never assumed their debt.

On October 21st, 1913, there was judgment for plaintiff. After an ineffectual attempt to obtain a new trial, defendant appealed.

The case was filed in the Court of Appeal under the No. 5998 and was by that Court remanded on April 25th, 1914.

On the second trial there was judgment rendered again against defendant on February 23rd, 1915, from which he has appealed.

Our conception of the case is that defendant having ordered the beer must pay for it, unless he shows that he was acting for another and that he so informed the plaintiff.

C. C., 3012; 38 A., 486 (489).

This rule is specially applicable in this case where a resident of New Orleans alleges that he was acting for a principal residing out of the State.

1 R., 145; 8 A., 8; 38 A., 485.

The president of the plaintiff company testifies that he made the sale to the defendant; that he would not have sold to "Oldstein Brothers" because he had sold them two bills in November and December of the previous year, which remained unpaid for a long time; and that the beer was charged on their books to "Abraham Oldstein."

The collector of the company swears that he called on defendant on two occasions to collect the bill; that defendant never denied owing it.

The defendant testifies that he received mail from Panama from his sons, Oldstein Brothers, and in it was an order to the plaintiff for 100 cases of beer; that he went to the Brewery and spoke to some one and handed him the order, but he does not remember the name of the person to whom he gave the order; he did not know what the order contained, and never read it; he did not know whether the previous orders from his sons were made through him or not.

The defendant also relies upon three circumstances;

1st. That plaintiff had dealings with Oldstein Brothers before, and that this transaction was only a continuance of their business transactions. There is an allegation that Oldstein Brothers themselves ordered the beer on those previous occasions; and plaintiff gave good reasons why it would not credit them again.

2nd. That the plaintiff made out invoices for the beer in the name of "Messrs. Oldstein Brothers, Colon, R. P., shipped via S. S. Turrialba." This was done at the request of defendant to identify the consignee and for consular papers.

3rd. The plaintiff drew two drafts upon Oldstein Brothers in Panama for $300 each. This they did under written request of defendant and to accommodate him.

The defendant failed to satisfy the Judge of the District Court that he purchased the beer as agent for his two sons, Oldstein Brothers, and that he communicated that fact and his authority to the plaintiff herein. Neither has he convinced us. The burden was upon him to establish that fact with reasonable certainty. The presumption of law also was against him.

The judgment of the lower Court was against him and it is therefore affirmed.

Opinion and decree, May 31st, 1915.

Rehearing refused, June 30th, 1915.

Writ denied, October 20, 1915.